IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAUL RAMIREZ-CASTRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 6502 |
| | ) | |
| WOODMAN'S FOOD MARKET, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Woodman's Food Market, Inc. ("Woodman's") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint filed against it by its former employee Saul Ramirez-Castro ("Ramirez-Castro"). This memorandum order is issued sua sponte because of some extraordinarily problematic aspects of that responsive pleading.

To begin with, Woodman's[1] counsel has impermissibly departed from the plain roadmap marked out by Fed. R. Civ. P. ("Rule") 8(b)(5) for disclaimers that give a responding party the benefit of a deemed (but not actual) denial of a plaintiff's allegations--see App'x ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Then, having done so, counsel compounds that impropriety by going on to assert "and

---

[1] Because Woodman's corporate name is already in the possessive form, the possessive case in the text would technically be rendered "Woodman's's." To avoid such an awkward locution, this memorandum order will (with due apologies to Fowler's Modern English Usage) employ the technically incorrect but more felicitous form just used in the text.

therefore denies the same." That is of course oxymoronic--even under Woodman's improper usage, how can somebody deny "sufficient information or knowledge to either admit or deny" allegations and then go on to <u>deny</u> them in compliance with Rule 11(b)? And if Rule 8(b)(5) were to be employed properly, how could a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it? Accordingly the quoted phrase is stricken wherever it appears in the Answer.

What that means is that Woodman's counsel must recast Answer ¶¶8, 11, 13, 18, 30 and 40 into proper form. Indeed, when the Rule's essential ingredient of an absence of <u>belief</u> is inserted, there is a serious question whether the disclaimer can be employed as to a number of those paragraphs without violating Rule 11(b)'s requirement of both subjective and objective good faith on the part of a pleader. In short, Woodman's counsel had better take a hard look at the allegations sought to be disclaimed, because one or more answers may be called for instead.

This memorandum order turns next to Woodman's laundry list of 13 ADs, the sheer number of which tends to alert the reader that some problems may be presented by one or more of them. Without any effort to be exhaustive (it is after all counsel's obligation to comply scrupulously with Rule 11(b)), here are some

examples of the difficulties:

    1. AD 1 is dead wrong, in light of the basic concept of Rule 8(c) and the caselaw construing it, under which Ramirez-Castro's allegations must be accepted as gospel for AD purposes--see App'x ¶5 to <u>State Farm</u>. AD 1 is stricken.

    2. AD 2 misstates the law--the 90-day clock under Title VII begins to tick when a party <u>receives</u>, not when EEOC <u>issues</u>, a right-to-sue letter. Because on that score Complaint ¶13 must be credited for current purposes, AD 2 is also stricken.

    3. Just what "information and belief" does Woodman's possess to support an assertion that Ramirez-Castro has failed to mitigate his damages? That may perhaps turn out to be the case as the result of discovery, at which point such an AD may be advanced--but for the present AD 3 is also stricken.

    4. When Ramirez-Castro's allegations are credited, there is a serious doubt whether AD 4 can stand (Woodman's loses nothing if that AD is omitted, because its Answer has denied and therefore put in issue Ramirez-Castro's allegations as to discriminatory treatment).

In candor, it has been an imposition for this Court to be required to do counsel's work for them even as to the few examples just given--after all, judicial time is the resource in

shortest supply in the federal litigation system. This memorandum order will accordingly stop its particularization at this point, with Woodman's counsel directed to take a sharp pencil as well as a hard look at which ADs can really be advanced in good conscience at this time.

To avoid the need for any reader to go back and forth between two documents to see what is and what is not in issue as between the parties, the entire existing Answer and ADs (rather than just the portions mentioned here) is stricken, with leave being granted to file a self-contained Amended Answer and Affirmative Defenses on or before November 8, 2013. No charge is to be made to Woodman's by its counsel for the added work and expense incurred in correcting counsel's errors. Workman's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 25, 2013

4